UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 1 6 2016 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

DEVON BENNETT,

                    Defendant.

STATEMENT OF REASONS
15-CR-647 (JBW)



**Appearances**

    **For United States:**

        Andrew C. Gilman
        United States Attorney's Office,
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201
        Tel: 718-254-6435
        Email: andrew.gilman2@usdoj.gov

    **For Defendant:**

        Samuel Jacobson
        Federal Defenders of New York
        One Pierrepont Plaza, 16th Floor
        Brooklyn, NY 11201
        Tel: 718-407-1429
        Email: samuel_i_jacobson@fd.org

JACK B. WEINSTEIN, Senior United States District Judge:

**Table of Contents**

I.    Introduction ..................................................................................................................2
   A.  Offense Conduct: Importation of Cocaine .............................................................2
   B.  Arrest .......................................................................................................................3
   C.  Guilty Plea ...............................................................................................................3

    D.  Sentencing..................................................................................................................3
II.    Offense Level, Category, and Sentencing Guidelines Range.....................................4
III.   Law..............................................................................................................................4
IV.   18 U.S.C. § 3553(a) Considerations............................................................................5
V.    Consistency in Sentencing...........................................................................................6
VI.   Sentence......................................................................................................................7
VII.  Conclusion..................................................................................................................7

## I. Introduction

Defendant Devon Bennett was born in Jamaica on December 21, 1974. He was arrested on November 24, 2015 at John F. Kennedy Airport ("JFK") after admitting to carrying drugs in his intestinal tract. He pled guilty to importation of cocaine into the United States in violation of sections 952(a) and 960(b)(3) of Title 21.

Defendant is a laborer and a farmer in Jamaica. He committed the instant offense at a time of extreme financial pressure. His farm was devastated by a drought, which left his family in dire straits. Bennett's wife had gall stones and needed surgery; the date of the surgery passed before they could raise the necessary funds. Defendant's illegal conduct would normally result in a period of incarceration. However, because of the unique circumstances of this case, a sentence of four months in prison on the lower end of the Guidelines range is appropriate. He has already served five months. Additional incarceration would burden the taxpayers with an unnecessary cost while depriving the defendant's family of the benefit of his earnings.

On April 25, 2016, Bennett was sentenced to four months in prison, three years of supervised release, and a $100 special assessment. He is expected to be deported following his release from criminal custody.

### A. Instant Offense: Importation of Cocaine

Defendant arrived at JFK aboard a flight from Montego Bay, Jamaica. He was approached by Customs and Border Protection officers, who searched his luggage and his

person. The searches produced negative results. Presentence Investigation Report ("PSR") ¶¶ 2, 3. After further questioning by the officers, Bennett admitted to ingesting foreign bodies. An x-ray of defendant's intestinal tract confirmed his admission. *Id.* ¶ 3. Defendant was transferred to a medical facility where he passed 64 pellets containing cocaine from his intestinal tract. *Id.* ¶ 4.

### B. Arrest

Bennett was arrested on November 24, 2015 at JFK. *Id.* ¶ 35. After his arrest, Bennett stated that he swallowed pellets containing cocaine because he is poor and needed the money. He said he was to be paid $2,000 for bringing the drugs into the United States, in addition to the cost of airfare. *Id.* ¶ 5.

He has been in federal custody since November 27, 2015, for approximately five months. *Id.* ¶ 36.

### C. Guilty Plea

Defendant pled guilty to importing cocaine into the United States in violation of sections 952(a) and 960(b)(3) of Title 21. *Id.* ¶ 1; Sentencing Hr'g Tr. of Jan. 20, 2016, ECF No. 15, at 26:2-4. The statute does not require a mandatory minimum term of imprisonment. The maximum term of imprisonment is twenty years. *See* 21 U.S.C. §§ 952(a), 960(b)(3); PSR ¶ 48.

### D. Sentencing

A sentencing hearing was held on April 25, 2016. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *see also In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level, Category, and Sentencing Guidelines Range

Bennett's base offense level is 18. PSR ¶ 11. His criminal history category is I. *Id.* ¶ 23. The offense level was decreased by four points pursuant to U.S.S.G. §3B1.2(a) because defendant was a minimal participant in the offense; decreased by three points for defendant's acceptance of responsibility pursuant to U.S.S.G. §3E.1.1(a) and (b); and reduced by two points under U.S.S.G. §2D1.1(b)(17) because defendant satisfied the criteria set forth in U.S.S.G §5C1.2(a)(1)-(5). *See* Def.'s Sentencing Mem., ECF No. 18, at 1; *see also* Sentencing Hr'g of Apr. 25, 2016. The adjusted offense level is 9, yielding a Guidelines sentencing range of four to ten months.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a) of Title 18. *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *see Booker*, 543

4

U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

### IV.  18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sentencing Hr'g of Apr. 25, 2016.

Bennett was the only child born to his parents. He has never met his biological father. PSR ¶ 28. He was raised by his mother and maternal grandmother in a low-income household in St. Ann's Bay, Jamaica. *Id.* ¶ 30. Defendant's mother was a seamstress, *id.* ¶28, and the family farmed to sustain themselves. Despite economic difficulties, the home was a loving

5

environment. *Id.* ¶ 30. Bennett has five maternal half-siblings who currently live in Jamaica and Trinidad. They remain loving. *Id.* ¶ 29.

Defendant completed seven years of education in Jamaica before withdrawing from school to work. *Id.* ¶ 41. He worked on the family farm from age 9 to 16. For the following two years, Bennett learned the masonry trade and was employed as a laborer. *Id.* ¶ 43. Since age 18, he has been self-employed as a farmer, growing peppers and cabbage for resale. He also typically works three masonry jobs per year. *Id.* ¶ 42.

Bennett has been with his wife for more than thirteen years, five of them as a married couple. *Id.*; *see also id.* Ex. F. They have two children together, aged 3 and 9, as well as Bennett's stepdaughter, who is 17 years old. His stepdaughter receives little financial support from her biological father, and Bennett has been her primary source of support. PSR ¶ 34. Defendant also has four other children from previous relationships. Their ages are 11, 14, 19, and 20. *Id.* ¶¶ 31-33. All of Bennett's children financially depend on him. *Id.* ¶¶ 31-34.

Bennett's earnings from farming and masonry usually provide enough financial support for his family. Last year, however, he did not have a crop to harvest because of excess sun and lack of rain in Jamaica. *Id.* ¶ 42. He was also unable to secure enough masonry work because the farmers could not afford to employ him.

To add to his troubles, Bennett's wife became ill with gall stones last year. The couple scheduled a date for her surgery, but they had to cancel because they did not have money to pay for the procedure. Def.'s Sentencing Mem. at 3.

## V.    Consistency in Sentencing

This court has attempted to rationalize its sentences by establishing general criteria for similar cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined, "[c]onsidering the grave hardships

6

deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time, with prompt deportation should be normal in such cases – subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Aispuro*, No. 15-CR-00073, 2015 WL 7281641 (E.D.N.Y. Nov. 17, 2015) (accounting for prospect of deportation when imposing a term of incarceration); *accord United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014); *United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014).

## VI. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Bennett is sentenced to four months in prison on the lower end of the Guidelines range, and a supervised release term of three years. A $100 special assessment is imposed. *See* 18 U.S.C. § 3013. No fine is levied because Bennett has no substantial assets and is unlikely to be able to pay a fine. PSR at ¶¶ 44, 46-47.

General and specific deterrence are achieved by the sentence imposed. Bennett has already served approximately five months in prison, unable to provide for his sick wife and their three children. Defendant will be deported and suffer the collateral consequences of a felony conviction, as well as the conditions of a three year supervised release term.

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors

7

listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 6, 2016
Brooklyn, New York